UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ELSA R. ALMEIDA,

      Plaintiff,

v.

PARADISE CHRISTIAN SCHOOL
& DEVELOPMENT CENTER, INC.

      Defendant,

_____/

## **COMPLAINT**

The Plaintiff ELSA R. ALMEIDA**,** by and through undersigned counsel, hereby sues Defendant PARADISE CHRISTIAN SCHOOL & DEVELOPMENT CENTER, INC., on the grounds set forth herein.

### INTRODUCTION

1. This is an action by Plaintiff ELSA R. ALMEIDA under the Age Discrimination in Employment Act, 29 U.S.C. 623 (ADEA), and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760, to redress the injury done to Plaintiff by the Defendant's discriminatory treatment on basis of her Age.

### JURISDICTION AND VENUE

2. This is an action for damages brought in excess of $15,000.00 exclusive of interest, attorney's fees, and costs.

3.  This action is authorized and instituted pursuant to the Age Discrimination in Employment Act, 29 U.S.C. 623 (ADEA) and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760.

4.  This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343. Plaintiff invokes this Court's supplemental and pendant jurisdiction over Plaintiff's state law claims because they arise out of the same nucleus of operative facts as the federal case, and pursuant to 28 U.S.C. §§1332 and 1367.

5.  The venue of this action is properly placed in the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful, were committed in Miami-Dade County, within the jurisdiction of this Honorable Court.

PARTIES

6.  The Plaintiff ELSA R. ALMEIDA is a resident of Miami-Dade County, who was employed by the Defendant and is a member of certain protected classes of persons because of her Age.

7.  Corporate Defendant PARADISE CHRISTIAN SCHOOL & DEVELOPMENT CENTER, INC., (hereinafter, "PARADISE CHRISTIAN SCHOOL", or Defendant), is a Not for Profit corporation authorized to conduct business in the State of Florida, in Miami-Dade County, Florida, and within the jurisdiction of this Court.

8.  At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e (b), (g), and (h).

9. At all relevant times, Defendant had 15 or more employees for each working day in each of 20 or more calendar weeks.

## PROCEDURAL REQUIREMENTS

10. All conditions precedent for this action has been fulfilled. On or about November 17, 2016, Plaintiff ELSA R. ALMEIDA dual-filed her Charge of Discrimination with the EEOC and with the Florida Commission on Human Relations, within 300 days of the alleged violation. To date, over six (6) months have passed since the filing of the complaints.  On or about February 27, 2020, on request, the U.S. Equal Employment Opportunity Commission (EEOC) issued to Plaintiff a Notice of Right to Sue with respect to such charge of discrimination. Consequently, the present Complaint is being filed within 90 days as allowable by law. ***See composite Exhibit "A."***

## STATEMENT OF FACTS

11. The Plaintiff ELSA R. ALMEIDA Plaintiff is a 58 years old female of Ecuadorian national origin. The Plaintiff is a member of a protected class under the Age Discrimination in Employment Act, 29 U.S.C. 623 (ADEA) and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760, because of her Age, and because of her participation in protected activities within the meaning of federal and state law.

12. The Defendant PARADISE CHRISTIAN SCHOOL & DEVELOPMENT CENTER, INC. (hereinafter PARADISE CHRISTIAN SCHOOL, or Defendant) is an educational establishment providing early childhood development programs.

The Defendant has facilities at 6184 W 21 Court, Hialeah, FL 33016, where the Plaintiff worked.

13. Defendant PARADISE CHRISTIAN SCHOOL employed Plaintiff ELSA R. ALMEIDA from on or about October 25, 2011, through approximately June 02, 2016, or 4 years and 7 months.

14. The Plaintiff was hired as a teacher assistant with a wage-rate of $10.00 an hour. In 2014, the Plaintiff was promoted to the position of Head Start Teacher with a wage-rate of $10.44 an hour.

15. Throughout her employment with the Defendant, the Plaintiff performed her duties in an exemplary fashion.  The Plaintiff possessed all the required skills, training, and qualifications for the job in question, and performed her duties without significant issue or controversy.

16. The Plaintiff is a highly educated individual which possessed a bachelor's degree obtained in Ecuador, she also possessed the academic qualifications and the required credentials and certifications to hold the position of Head Start Teacher in the State of Florida.

17. However, during her time of employment with the Defendant, the Plaintiff experienced unlawful discrimination and harassment based on her Age.

18. The Plaintiff began to experience unlawful discrimination and harassment around October 2015.

19. The unlawful discrimination and harassment came at the hands of the owner and president of the school, Dr. Eileen Fluney, and at the hands of the Associate

Director Suleika Reyes. These individuals harassed, intimidated, made fun of Plaintiff, and made her cry many times.

20. Eileen Fluney and Suleika Reyes frequently made unwelcome discriminatory remarks in reference to Plaintiff's age and accused her of being too slow because of her age.

21. In October 2015, Eileen Fluney saw Plaintiff and screamed at her in front of all her co-workers: "What happen to you", "Why are you so slow" "Move! move! faster! faster!".   Plaintiff felt terribly embarrassed and humiliated, but she confronted Eileen Fluney, and told her to stop harassing her because she worked at a normal pace, she moved around efficiently and matching the pace of all her colleagues. Eileen Fluney did not like Plaintiff's answer.

22. Since that day, Eileen Fluney and Suleika Reyes subjected Plaintiff to unlawful acts of discrimination and to different terms and conditions of employment. Plaintiff was subjected to extreme surveillance and job scrutiny; they gave her unfair reprimands and admonished Plaintiff for everything including trivial reasons like every time she had to take a bathroom break.

23. On October 9, 2015 Plaintiff was given an unfair warning falsely accusing her of leaving her classroom unattended. The Plaintiff denied the accusation and demonstrated that she did not commit any wrongdoing.

24. In November 2015, the Plaintiff was unfairly blamed for breaching safety protocols concerning the dismissal of one child, and she was unfairly reprimanded.

25. The Plaintiff was the lead teacher in a class with 20 pre-schoolers between the ages of 3 and 5, which required closed supervision. However, during many months

Plaintiff did not have the necessary teacher assistant which would help her assisting the children with activities of daily life, such as restroom use, feeding, etc., while Plaintiff's colleagues enjoyed this benefit and they were able to handle their class better.

26. The Plaintiff had an unreasonable workload. The Plaintiff complained and requested a teacher assistant to help her, to no avail.  Plaintiff worked extended hours, she worked home many hours finishing uncomplete schoolwork, preparing materials for her next class and preparing the mandatory reports for the Head Start program.

27. Every day, The Plaintiff was required to work 15 minutes off-the-clock hours at the beginning of the day to greet early arriving children, while other colleagues were drinking coffee.

28. Plaintiff was constantly assigned the most difficult tasks, she was given unreasonable workloads, and she was criticized in her work on a daily basis.

29. Suleika Reyes blamed Plaintiff for anything that went wrong at work, and made derogatory statements regarding Plaintiff's age, and stated, "I told Eileen to hire only young people"

30. The Plaintiff protested and told Suleika Reyes to stop her negative remarks about her age and demanded to be treated with more respect and dignity. Nevertheless, Suleika Reyes did not pay attention to the Plaintiff.

31. Eileen Fluney and Suleika Reyes continued harassing Plaintiff on basis of her Age, they showed open hostility towards Plaintiff, and every time they saw her walking they harassed Plaintiff screaming:  "Are you sick?", "!Move faster! faster! and then

they laughed loudly. Several times Eileen Fluney's daughter Ashley Banos joined Eileen Fluney and Suleika Reyes making fun of Plaintiff.

32. The frequency of the harassment based on the Plaintiff's age created a hostile working environment for her. The Plaintiff was harassed by her superiors, and she had to endure the unlawful conduct because she needed her employment.

33. The Plaintiff felt discriminated against because of her age, harassed, unwelcome, uncomfortable, and humiliated in her place of work. The Plaintiff perceived her work environment as hostile and intimidating, and she lived in fear of losing her job.

34. The Plaintiff also felt discriminated because she had requested an increase in her wage-rate, and she did not receive any. The Plaintiff continued earning $10.44 an hour and she knew that her colleagues received a better payment.

35. After October 2015, the Plaintiff complained with Suleika Reyes about being discriminated on basis of her Age multiple times.

36. The Plaintiff learned that after each complaint her work environment deteriorated even more. The Plaintiff knew that her harassers were her superiors with the power to alter the terms and conditions of her employment. The Plaintiff did not have an efficient method to complain internally, without suffering retaliation. Thus, she tried to keep it day by day working very hard without any complaint or objection.

37. Finally, on or about June 2, 2016, the school year ended, and Plaintiff was instructed to return on June 10, 2016, to coordinate issues related to her employment contract.

38. On June 10, 2016, Suleika Reyes told Plaintiff that they had been watching her and that she looked kind of tired, that they thought that is was because of her age. Then Suleika Reyes continued and told Plaintiff as a relief to the problem, that the school had exciting news for her, and she proceeded to tell Plaintiff that in the next school year, she was going to work with a lovely teacher, as a teacher assistant, with a lower wage rate of $10.00 an hour. Plaintiff was in shock, she was expecting a wage-rate raise for the next year, instead, she realized that she has been demoted and her wages were decreased. The plaintiff was speechless.

39. Plaintiff overcame her surprise and protested, she told Suleika Reyes that it was not true that she was slow due to her Age, that she performed very well, that the demotion was not fair, and that she thought that she was being discriminated because of her Age.

40. Suleika Reyes anxiously asked Plaintiff: "So, don't you like it? are you going to accept?", Plaintiff answered: "Of course not", and simultaneously Suleika Reyes handed Plaintiff an opened notebook and a pen, and told her "Write it down, put your name and signed it", Plaintiff obeyed, Suleika Reyes took the notebook back and quickly told the Plaintiff: "Ok, you did not accept the job offer, thus you are fired".

41. Plaintiff saw, like in a bad dream, how Suleika Reyes went nearby to inform Eileen Fluney that Plaintiff had not accepted the job offer, and consequently she was fired. Plaintiff began to cry, but Eileen Fluney hurried to give Plaintiff a warm farewell with a big hug thanking her for the services rendered during her entire time of employment, and at the same time, she escorted Plaintiff to the exit door.

42. The Plaintiff left the premises in tears. Since she went in to talk to Suleika Reyes, everything had been so fast that she did not have time to think about anything or fully realize that she was being fired. She could not believe what had happened to her in the blink of an eye. It was never Plaintiff's intention to quit her employment. Suleika Reyes, in bad faith, induced Plaintiff to put in writing her disagreement with the demotion, and then she that note to fire her.

43. After Plaintiff's termination, she applied to receive unemployment benefits that initially were approved. However, Defendant appealed the decision and submitted among other documents, the handwritten note that in bad faith, Suleika Reyes demanded Plaintiff to write as her statement regarding her disagreement for her demotion and the decrease of her wage-rate.

44. The Defendant submitted to the government agency Plaintiff's handwritten note as proof of voluntary resignment and falsely alleged that Plaintiff had been presented with a "90 days temporary demotion". The Defendant made also other false allegations regarding the Plaintiff's performance and regarding Plaintiff's wages.

45. Defendant falsely alleged that they paid to the Plaintiff as a Head Start Teacher at the wage-rate of $14.44 an hour, when the truth was that Plaintiff was paid $10.44 an hour. In many weeks Plaintiff worked up to 71.25 hours, the amount paid to Plaintiff divided by the total number of hours worked by Plaintiff, resulted in a wage-rate of $5.67 an hour, well below the required minimum wage by law.

46. Upon information and belief, the Plaintiff's position was replaced with a younger teacher.

47. On June 10, 2016, Plaintiff was terminated by the Defendant, and Plaintiff's termination was directly and proximately caused by Defendant's unjustified discrimination on basis of Plaintiff's Age, and retaliation against Plaintiff because of her complaints of unlawful discrimination and harassment in violation of both Federal and State Laws.

48. Moreover, the Plaintiff's termination came in proximity to Plaintiff's last participation in protected activity.

49. As a direct and proximate result of Defendant's actions, Plaintiff has been damaged. The Plaintiff suffered serious economic losses as well as mental pain and suffering, which was detrimental to the Plaintiff's health.

## COUNT I:
## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, 29 U.S.C. § 623 (ADEA): DISCRIMINATION BASED ON AGE

50. Plaintiff ELSA R. ALMEIDA re-adopts every factual allegation as stated in paragraphs 1-49 above as if set out in full herein.

51. The Plaintiff is a member of a protected class under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §623 (d).

52. Defendant PARADISE CHRISTIAN SCHOOL employed Plaintiff ELSA R. ALMEIDA from on or about October 25, 2011, through approximately June 02, 2016, or 4 years and 7 months.

53. The Plaintiff was hired as a teacher assistant with a wage-rate of $10.00 an hour. In 2014, the Plaintiff was promoted to the position of Head Start Teacher with a wage-rate of $10.44 an hour.

54. At all times material hereto, the Employer/Defendant PARADISE CHRISTIAN SCHOOL  failed to comply with the Age Discrimination in Employment Act, 29 U.S.C. § 623 (a) *et seq*., as amended, which states, "It shall be unlawful for an employer:  (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or (3) to reduce the wage rate of any employee in order to comply with this chapter."

55. The discrimination of Plaintiff by Defendant was caused by the Defendant being aware of the Plaintiff's age, to wit: 54 years of age at the time of her termination.

56. The discrimination of Plaintiff ELSA R. ALMEIDA by Defendant PARADISE CHRISTIAN SCHOOL was caused by the Defendant being aware of the Plaintiff's Age.

57. At all relevant times aforementioned, including the time of discrimination, the Defendant was aware that Plaintiff ELSA R. ALMEIDA was 54 years old.

58. At the time of the unlawful discrimination, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by the Defendant.  The Plaintiff was qualified for the position apart from her apparent Age.

59. The Defendant is a sophisticated employer who has actual knowledge of the requirements of the Age Discrimination in Employment Act of 1967, as amended.

60. The failure of the Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

61. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her Age in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

62. The Plaintiff was fired by the Defendant and the Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because she was 54 years old, in violation of the Act.

63. At the time of the Defendant's termination of her employment, the Plaintiff did perform and excel at the performance of the essential functions of her position.

64. Any alleged nondiscriminatory reason for the termination of the Plaintiff's employment asserted by Defendant PARADISE CHRISTIAN SCHOOL is a mere pretext for the actual reasons for the termination from employment, Plaintiff's Age and complaints related to the unlawful acts of discrimination and harassment.

65. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to her age. The discrimination based on Age constitutes unlawful discrimination.

66. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

67. Defendant, PARADISE CHRISTIAN SCHOOL  is subject to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt

the discrimination, harassment, hostile working environment,  and retaliation to which Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

68. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ELSA R. ALMEIDA respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant PARADISE CHRISTIAN SCHOOL its officers, successors, assignees, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on Age.

B. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant PARADISE CHRISTIAN SCHOOL to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest, and other remuneration for mental pain, anguish, pain, and humiliation from employment termination due to her age.

E. For a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including attorney's fees and further demands a trial by jury on all issues so triable.

## JURY TRIAL DEMAND

Plaintiff ELSA R. ALMEIDA demands a trial by jury on all issues triable as of right by a jury.

**COUNT II:**
**RETALIATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, 29 U.S.C. § 623 (d) (ADEA): ANTI-RETALIATION PROVISION**

69. Plaintiff ELSA R. ALMEIDA re-adopts every factual allegation as stated in paragraphs 1-49 above as if set out in full herein.

70. Defendant PARADISE CHRISTIAN SCHOOL employed Plaintiff ELSA R. ALMEIDA from on or about October 25, 2011, through approximately June 02, 2016, or 4 years and 7 months.

71. At all times material hereto, the Employer/Defendant failed to comply with the Age Discrimination in Employment Act of 1967, 29 U.S.C. §623 (d), which states, "It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment,…because such individual,… *has opposed any practice made unlawful by this section*, or because of such individual,… has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter" (emphasis added).

72. The Defendant PARADISE CHRISTIAN SCHOOL is a sophisticated employer who has actual knowledge of the requirements of the Age Discrimination in Employment Act of 1967, which specifically makes it unlawful to retaliate against employees who oppose or participate in statutorily protected activity.

73. The failure of the Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

74. During her time of employment with Defendant PARADISE CHRISTIAN SCHOOL, Plaintiff ELSA R. ALMEIDA suffered discrimination and harassment based on her Age.

75. The unlawful discrimination and harassment came at the hands of the owner and president of the school, Dr. Eileen Fluney, and at the hands of the Associate Director Suleika Reyes. These individuals harassed, intimidated, made fun of Plaintiff, and made her cry many times.

76. Eileen Fluney and Suleika Reyes frequently made unwelcome discriminatory remarks in reference to Plaintiff's age and accused her of being too slow because of her age.

77. The plaintiff was subjected to excessive surveillance and job scrutiny, unfavorable treatment. The Plaintiff was unfairly admonished, humiliated, and she was blamed for anything that went wrong at work.

78. The harassment of Eileen Fluney and Suleika Reyes was so pervasive and severe that it created a hostile working environment for Plaintiff who lived in fear of losing her job.

79. In October 2015 Plaintiff opposed the conduct of Dr. Eileen Fluney The Plaintiff confronted Eileen Fluney directly and demanded to be treated with respect and dignity.

80. This complaint constituted protected activity under the Age Discrimination in Employment Act, 29 U.S.C. 623 (ADEA).

81. After October 2015, the Plaintiff complained with Suleika Reyes about being discriminated on the basis of her Age multiple times.

82. After Plaintiff's complaint, Eileen Fluney and Suleika Reyes increased their harassment in a retaliatory way.

83. Regardless of the abusive conduct of Eileen Fluney and Suleika Reyes, the Plaintiff continued working very hard without any further complaints and suffering the harassment and hostile working environment because of her Age.

84. On June 10, 2016, Suleika Reyes told Plaintiff that they had been watching her and that she looked kind of tired, that they thought that is was because of her age. The Plaintiff was demoted and her wage-rate was decreased. Then, Suleika Reyes, in bad faith, made Plaintiff write a note expressing her disagreement regarding the demotion.

85. On June 10, 2016, the Plaintiff complained with Suleika Reyes about being discriminated because of her Age.

86. This complaint constituted protected activity under the Age Discrimination in Employment Act, 29 U.S.C. 623 (ADEA).

87. Nevertheless, Defendant did not reconsider, did not open an investigation, and fired Plaintiff as soon as she wrote the note.

88. At the time of her termination Plaintiff performed and excelled at the functions of her position, any alleged nondiscriminatory reason for terminating Plaintiff asserted by the Defendant is a mere pretext for the actual reasons for termination, Plaintiff's complaints of discrimination and harassment because of her Age.

89. Upon information and belief, the Plaintiff's position was replaced with a younger teacher.

90. The Plaintiff's protected activity resulted in retaliatory adverse actions that altered the terms, conditions, and privileges of her employment.

91. Defendant PARADISE CHRISTIAN SCHOOL through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, retaliated against Plaintiff ELSA R. ALMEIDA on account of Plaintiff's complaints about being discriminated because of her Age.

92. On June 10, 2016, the Plaintiff was fired by the Defendant, and Plaintiff's termination was directly and proximately caused by Defendant's unjustified discrimination and retaliation against Plaintiff because of her complaints of unlawful discrimination and harassment in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §623 (d)

93. Moreover, the Plaintiff's termination came just in temporal proximity after Plaintiff's participation in protected activity.

94. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their Age and retaliation due to their complaints of unlawful discrimination. Retaliation based on having engaged in a protected activity constitutes unlawful retaliation.

95. As a result of the retaliation, Plaintiff ELSA R. ALMEIDA has incurred substantial monetary losses and has suffered emotional distress, embarrassment, and humiliation.

96. Defendant PARADISE CHRISTIAN SCHOOL is subject to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to prevent and to halt the discrimination, harassment, and retaliation to which the

Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

97. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ELSA R. ALMEIDA respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant PARADISE CHRISTIAN SCHOOL its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on age.

B. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain, and humiliation from the discrimination and/or for terminating Plaintiff in retaliation of her complaints of Age discrimination.

E. For a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including punitive damages, attorneys' fees, and further demands a trial by jury on all issues so triable.

<u>JURY TRIAL DEMAND</u>

Plaintiff ELSA R. ALMEIDA demands a trial by jury on all issues triable as of right by a jury.

<u>**COUNT III:**</u>
<u>**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 CHAPTER 760:**</u>
<u>**DISCRIMINATION BASED ON AGE**</u>

98. Plaintiff ELSA R. ALMEIDA re-adopts every factual allegation as stated in paragraphs 1-48 above as if set out in full herein.

99. Plaintiff is a member of a protected class under Title VII, and the Florida Civil Rights Act because of her Age, within the meaning of the Florida Civil Rights Act.

100.    Defendant PARADISE CHRISTIAN SCHOOL employed Plaintiff ELSA R. ALMEIDA from on or about October 25, 2011, through approximately June 02, 2016, or 4 years and 7 months.

101.    At all times material hereto, the Employer/Defendant PARADISE CHRISTIAN SCHOOL failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10] which states:

 "*It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status.*

102.    The discrimination and termination of Plaintiff ELSA R. ALMEIDA by Defendant were based on the Plaintiff being 54 years old.

103.    The Discrimination and Harassment of Plaintiff ELSA R. ALMEIDA by Defendant PARADISE CHRISTIAN SCHOOL was caused by the Defendant being aware of the Plaintiff's Age.

104.     The Plaintiff was harassed and discriminated because of her Age, she suffered discriminatory treatment, hostile working environment, retaliation, and finally, she was terminated.

105.     At all relevant times, including the time of the employment termination of Plaintiff, Defendant, was aware that Plaintiff was 54 years old.

106.     At the time of the Defendant's termination of her employment, the Plaintiff did perform and excel at the performance of the essential functions of her position.

107.     The Plaintiff was well qualified for the position.

108.     The Plaintiff was fired by the Defendant and the Plaintiff's termination of employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of her Age, in violation of Florida Statute Section 760.

109.     As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

110.     Any alleged nondiscriminatory reason for this treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reason for terminating Plaintiff's employment, her Age.

111.     The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of Race, Color, Religion, Sex, National Origin, Age, Handicap, or Marital status.

112.     The actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

113.    Defendant PARADISE CHRISTIAN SCHOOL   is subject to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the Discrimination, Harassment to which Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

114.    The Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff ELSA R. ALMEIDA respectfully requests that this court order the following:

A.  Grant a permanent injunction enjoining Defendant PARADISE CHRISTIAN SCHOOL, its officers, successors, assignees, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on Age.

B.  Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

C.  Reinstate full fringe benefits and seniority rights to Plaintiff.

D.  Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain, and humiliation from employment termination due to her Age.

E.  For a money judgment representing prejudgment interest.

F.  Award any other compensation allowed by law including punitive damages, attorney's fees (448.104), and further demands a trial by jury on all issues so triable.

<u>JURY TRIAL DEMAND</u>

Plaintiff ELSA R. ALMEIDA demands a trial by jury on all issues triable as of right by a jury.

<u>**COUNT IV:**</u>
<u>**VIOLATION OF FLORIDA CIVIL RIGHTS ACT,**</u>
<u>**CHAPTER 760, FLORIDA STATUTES; RETALIATION**</u>

115.  Plaintiff ELSA R. ALMEIDA re-adopts every factual allegation as stated in paragraphs 1-48 and 96-112 of this Complaint as if set out in full herein.

116.  This is an action against PARADISE CHRISTIAN SCHOOL for unlawful retaliation under the Florida Civil Rights Act, Chapter 760, Fl Statutes, (FCRA).

117.  Defendant PARADISE CHRISTIAN SCHOOL employed Plaintiff ELSA R. ALMEIDA from on or about October 25, 2011, through approximately June 02, 2016, or 4 years and 7 months.

118.  The FCRA contains an anti-retaliation provision, forbidding employers from retaliating, or from taking adverse personnel action against, those employees who exercise their lawful and protected rights under Title VII.

119.  The FCRA, *Fla. Stat. Section 760.10,* (7) reads in applicable part, as follows:

> *"It is an unlawful employment practice for an employer, an employment agency, a joint labor management committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section".*

120.     Plaintiff is a member of a protected class under Title VII and the Florida Civil Rights Act because of her Age, and because of her participation in protected activities within the meaning of the Florida Civil Rights Act.

121.     While working for Defendant PARADISE CHRISTIAN SCHOOL Plaintiff ELSA R. ALMEIDA was subjected to discrimination and harassment based on her Age.

122.     During her time of employment with Defendant PARADISE CHRISTIAN SCHOOL, Plaintiff ELSA R. ALMEIDA suffered discrimination and harassment based on her Age.

123.     The unlawful discrimination and harassment came at the hands of the owner and president of the school, Dr. Eileen Fluney, her daughter Ashley Banos, who was the Executive Social Services Director and at the hands of the Associate Director Suleika Reyes. These individuals harassed, intimidated, made fun of Plaintiff, and made her cry many times.

124.     Eileen Fluney and Suleika Reyes frequently made unwelcome discriminatory remarks in reference to Plaintiff's age and accused her of being too slow because of her age.

125.     The Plaintiff was subjected to excessive surveillance and job scrutiny, and unfavorable treatment. The Plaintiff was unfairly admonished, humiliated, and she was blamed for anything that went wrong at work.

126.     The harassment of Eileen Fluney and Suleika Reyes was so pervasive and severe that it created a hostile working environment for Plaintiff who lived in fear of losing her job.

127.    In October 2015 Plaintiff opposed the conduct of Dr. Eileen Fluney The
Plaintiff confronted the chef directly and demanded to be treated with respect and
dignity.

128.    After October 2015, the Plaintiff complained with Suleika Reyes about
being discriminated on the basis of her Age multiple times.

129.    These complaints constituted protected activity under the FCRA. *Fla. Stat.
Section 760.10,* (7)

130.    After Plaintiff's complaint, Eileen Fluney and Suleika Reyes increased their
harassment in a retaliatory way.

131.    On June 10, 2016, Suleika Reyes told Plaintiff that they had been watching
her and that she looked kind of tired, that they thought that is was because of her
age. The Plaintiff was demoted and her wage-rate was decreased. Then, Suleika
Reyes, in bad faith, made Plaintiff write a note expressing her disagreement
regarding the demotion.

132.    On June 10, 2016, the Plaintiff complained with Suleika Reyes about being
unlawfully discriminated against because of her Age.

133.    This complaint constituted protected activity under the FCRA. *Fla. Stat.
Section 760.10,* (7)

134.    Nevertheless, Defendant did not reconsider, did not open an investigation,
and fired Plaintiff as soon as she wrote the required note.

135.    At the time of her termination Plaintiff performed and excelled at the
functions of her position, any alleged nondiscriminatory reason for terminating
Plaintiff asserted by the Defendant is a mere pretext for the actual reasons for

termination, Plaintiff's complaints of discrimination and harassment because of her Age.

136.     Upon information and belief, the Plaintiff was replaced with a younger individual.

137.     The protected activity resulted in retaliatory adverse actions that altered the terms, conditions, and privileges of the Plaintiff's employment.

138.     Defendant PARADISE CHRISTIAN SCHOOL through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's statutory protected rights, retaliated against Plaintiff ELSA R. ALMEIDA on account of Plaintiff's complaints about being discriminated because of her Age.

139.     On June 10, 2016, the Plaintiff was fired by the Defendant, and Plaintiff's termination was directly and proximately caused by Defendant's unjustified discrimination and retaliation against Plaintiff because of her complaints of unlawful discrimination and harassment in violation of the FCRA.

140.     Moreover, the Plaintiff's termination came just in temporal proximity after Plaintiff's participation in protected activity.

141.     Defendant PARADISE CHRISTIAN SCHOOL  is subject to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to prevent and to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected to, despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

142.    The harassment and discrimination were perpetrated by the decision-makers, and this fact, perpetuated and facilitated an abusive, discriminatory, and hostile work environment based on Plaintiff's Age within the meaning of Section 760.10 of the Florida Civil Rights Act.

143.    As a direct and proximate result of the actions and omissions of the Defendant, the Plaintiff has suffered injury and losses including a violation of her statutory rights.

144.    The Plaintiff has no plain, adequate, or complete remedy at law. She is suffering and will continue to suffer, injury in the form of psychiatric and psychological harm, extreme emotional distress, emotional pain, mental anguish and humiliation, loss of dignity, loss of enjoyment of life, loss of past and future wages and an inability to earn wages in the future. These losses are continuing and will continue in the future.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff ELSA R. ALMEIDA respectfully requests that this Court;

A. Grant a permanent injunction enjoining Defendant PARADISE CHRISTIAN SCHOOL, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in the further discriminatory practice in violation of the FCRA, Fla. Stat. Section 760.10, (7).

B. Award Plaintiff ELSA R. ALMEIDA judgment against the Defendant PARADISE CHRISTIAN SCHOOL for compensatory damages as determined by the Trier of fact.

C. Award Plaintiff restitutionary damages including back pay, front pay, liquidated

damages, any "Employee Welfare Benefits" and retirement benefits for the time the Plaintiff should have worked absent Defendant's discriminatory treatment.

D.  Enter Judgment for Punitive damages against PARADISE CHRISTIAN SCHOOL.

E.  Award all reasonable Attorney's fees and costs incurred in connection with this action; and any other and further relief as justice may require.

<u>JURY TRIAL DEMAND</u>

Plaintiff ELSA R. ALMEIDA demands trial by a jury of all issues triable as of right by a jury.

Dated:  April 28, 2020

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*